**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 1:16-cv-24138-Ungaro**

PEDIATRIC NEPHROLOGY ASSOCIATES
OF SOUTH FLORIDA, ANSELMO CEPERO,
M.D., and ANA PAREDES, M.D.

  Plaintiffs,

vs.

VARIETY CHILDREN'S HOSPITAL f/k/a
MIAMI CHILDREN'S HOSPITAL d/b/a
NICKLAUS CHILDREN'S HOSPITAL,
PEDIATRIC SPECIALTY GROUP, INC.,
FELIX RAMIREZ-SEIJAS, M.D., NARENDRA
KINI, M.D., and LEONARD FELD, M.D.,

  Defendants.
_____/

**DEFENDANTS' MOTION TO COMPEL NON-PARTY PRODUCTION FROM
GEORGE MACCONNELL, PLAINTIFFS' DISCLOSED EXPERT WITNESS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Variety Children's Hospital f/k/a Miami Children's Hospital d/b/a Nicklaus Children's Hospital (the "Hospital"), Pediatric Specialty Group, Inc. ("PSA"), Felix Ramirez-Seijas, M.D. ("Dr. Ramirez"), Narendra Kini, M.D. ("Dr. Kini"), and Leonard Feld, M.D. ("Dr. Feld") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 37 and Southern District of Florida Local Rule 26.1(g)(2), respectfully request the entry of an Order compelling non-party George MacConnell, Plaintiffs' disclosed expert witness, to produce the documents sought in Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena *Duces Tecum*"), issued July 14, 2017. In support, Defendants state as follows:

1. On June 30, 2017, Plaintiffs disclosed George MacConnell as their "hybrid," non-reporting expert witness, who Plaintiffs assert will testify and provide opinions related to the damages allegedly suffered by Plaintiffs in this matter. In that regard, Mr. MacConnell is expected to opine that "the Defendants' misconduct has caused economic damage to the Plaintiffs in the form of lost profits, profits unjustly obtained by the Defendants that should be disgorged,[1] amounts that should have been paid to the Plaintiffs by contract but were not, and damages to the brand and goodwill of the Plaintiffs and their partnership." *See* Plaintiffs' Rule 26(a) Expert Disclosure, **Exhibit 1**.

2. Plaintiffs have specifically disclosed Mr. MacConnell pursuant to Federal Rule 26(a)(2)(C) — which provision governs "Witnesses who do not provide a written report" — and have not served a written expert report from Mr. MacConnell. In other words, Plaintiffs assert that Mr. MacConnell is a non-reporting expert, who has not and is not required to serve a written report under the Federal Rules. *See* Plaintiffs' Response in Opposition to Defendants' Motion to Compel Plaintiffs' Expert Witness to Attend his Expert Deposition, Doc. 119 at 3 ("The Disclosure was served pursuant to Rule 26(a)(2)(C), applicable to a witness who is ***not*** 'retained or specially employed to provide expert testimony' and who is not required to provide a report." (emphasis in original)).

3. On July 14, 2017, Defendants issued their Subpoena *Duces Tecum* to George MacConnell, as Plaintiffs' disclosed expert witness, seeking various documents relevant to Mr. MacConnell's opinions and the bases therefor. A true and correct copy of Defendants' Subpoena *Duces Tecum* was sent to all counsel of record and is attached hereto as **Exhibit 2**. The Subpoena *Duces Tecum* required compliance on or before July 28, 2017, in advance of Mr. MacConnell's

---

[1] Plaintiffs have not asserted a claim for unjust enrichment and have not sought disgorgement.

expert and individual deposition scheduled for August 3, 2017.[2]

4. On July 19, 2017, the Court held a hearing on various discovery motions. At the hearing, Plaintiffs did not raise any issues regarding Defendants' Subpoena *Duces Tecum*, did not indicate that Mr. MacConnell would be refusing to produce any documents, and did not attempt to confer with Defendants regarding any of the documents sought in the Subpoena *Duces Tecum*.

5. On July 27, 2017, Mr. MacConnell, through counsel for the Plaintiffs, served his Responses and Objections to Defendants' Subpoena *Duces Tecum* and Notice of Deposition Duces Tecum ("Responses and Objections"). A true and correct copy of Mr. MacConnell's Responses and Objections are attached hereto as **Exhibit 3**. In his Responses and Objections, Mr. MacConnell lodged standard, boilerplate objections to each and every request for documents in Defendants' Subpoena *Duces Tecum*. Additionally, without serving a privilege log, Mr. MacConnell specifically advised Defendants that he was withholding, on the basis of privilege, certain documents clearly relevant to his opinions in this matter:

> MacConnell hereby advises Defendants that he is withholding documents prepared in anticipation of litigation or for trial that reflect either privileged attorney-client communications or the mental impressions, conclusions, opinions or legal theories of Plaintiffs' counsel. Such documents include electronic mail and legal memoranda reflecting attorney-client communications concerning the factual and legal bases for the litigation, documents reflecting Plaintiffs' counsel's analysis of the merits of the litigation, and drafts of pleadings and related papers filed in connection with the litigation.

(Responses & Objections, Ex. 3 at ¶ 3).

---

[2] Mr. MacConnell was deposed as the corporate representative of PNASF on July 3, 2017. Following that deposition, Plaintiffs refused to make Mr. MacConnell available for a deposition in his individual or expert capacity and erroneously asserted that, since Plaintiffs had served their expert disclosure at 4:59PM on the business day before the PNASF corporate-representative deposition, Mr. MacConnell had effectively already been deposed. Defendants filed a Motion to Compel the attendance of Mr. MacConnell at his deposition, which the Court granted on July 19, 2017. The Court ordered Mr. MacConnell to appear for his expert and individual deposition on or before August 4, 2017.

3

6. Defendants' Subpoena *Duces Tecum* seeks basic expert discovery regarding Mr. MacConnell's opinions and the bases therefor. Indeed, the vast majority, if not all, of the requests seek production of documents upon which Mr. MacConnell bases his opinions in this matter — *e.g.*, deposition transcripts provided to Mr. MacConnell and memoranda or written documents, notes, or other materials, provided to Mr. MacConnell.[3] Mr. MacConnell, nevertheless, objected to the production of these documents on numerous grounds, including protection under Federal Rule 26(b)(4), which does not apply and only protects privileged communications between a ***reporting*** expert (who is required to provide a report) and a party's attorney.

7. As a ***non-reporting*** expert who is not required to provide a written report under Rule 26, Mr. MacConnell is required to produce these documents and communications, even if they originated from or were authored by Plaintiffs' counsel. Indeed, while Plaintiffs attempt to shield production of their communications with Mr. MacConnell by citing to Rule 26(b)(4), that rule simply does not apply to witnesses who are not required to provide a written report. *See* Fed. R. Civ. P. 26(b)(4). Numerous federal district courts have held that communications between a party's attorney and a witness disclosed under Rule 26(a)(2)(C) are discoverable and must be produced. The reason is that these communications are clearly probative of the witnesses' bases of opinion, and they are not protected from disclosure by Rule 26.

8. Through their Subpoena *Duces Tecum*, Defendants have sought targeted documents in the possession, custody, or control of Plaintiffs' non-reporting expert witness, George MacConnell. Those documents are highly relevant to the bases of Mr. MacConnell's expert opinion, and they are not protected from discovery since Plaintiffs have disclosed Mr. MacConnell under Rule 26(a)(2)(C) and he has not provided an expert report. As such, Mr. MacConnell's

---

[3] Through this motion, Defendants do not seek draft reports or draft disclosures.

4

objections are due to be overruled, and he should be compelled to produce the documents sought by Defendants.

9. If this motion is not resolved prior to the deposition of Mr. MacConnell, currently scheduled for August 3, 2017, Defendants reserve the right to re-depose Mr. MacConnell after production of all responsive documents and to seek any further relief, including but not limited to an extension of the time within which Defendants must disclose their expert(s) and serve their expert report(s).

**WHEREFORE**, Defendants respectfully request the entry of an Order compelling non-party George MacConnell, Plaintiffs' disclosed expert witness, to produce the documents sought in Defendants' Subpoena *Duces Tecum*, issued July 14, 2017, and granting any further relief that the Court deems just and proper.

## MEMORANDUM OF LAW

### I. *Mr. MacConnell's claims of privilege must be overruled because no protection attaches to communications between an attorney for a party and a non-reporting expert witness.*

Initially, Mr. MacConnell has refused to produce documents in his possession, custody, or control on the basis that the documents reflect "either privileged attorney-client communications or the mental impressions, conclusions, opinions, or legal theories of Plaintiffs' counsel." *See* Responses and Objections, Ex. 3 ¶ 3. Because Plaintiffs provided these documents to a non-reporting expert witness — who is not required to and has not provided an expert report — the documents are no longer privileged, they are relevant to Mr. MacConnell's bases of opinion, and they must be produced.

Federal Rule of Civil Procedure 26 was amended in 2010 to effect important changes to those provisions governing the discoverability of communications between counsel and witnesses

designated to provide expert opinions.  As one federal district court has explained, "[u]nder the old rule, there was little or no protection for what counsel said or provided to a designated expert and such communications were generally discoverable." *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM EF, 2011 WL 2119078, at *1 (E.D. Cal. May 26, 2011).  "Under the new rule, some communications can occur without waiving work product protection, but the rule differentiates between experts who are required to provide reports and experts who are not." *Id.* That distinction is critical here.

The former version of Rule 26 required an expert witness who was retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony to provide a written report.  *See* Fed. R. Civ. P. 26(a)(2)(B) (effective until December 1, 2010).  The rule did not discuss expert witnesses who did not fall into these categories.

The current version of Rule 26 explicitly sets out different requirements for experts that are required to provide a written report, and those that are not.  "Reporting experts" must reveal the "facts or data" they considered in forming their opinion, while "non-reporting experts" must disclose the subject matter of their testimony and a summary of the facts and opinions to which they will testify.  *Compare* Fed. R. Civ. P. 26(a)(2)(B), *with* Fed. R. Civ. P. 26(a)(2)(C). Significantly, the current version of Rule 26 only protects communications between a party's attorney and ***reporting experts***.  *See* Fed. R. Civ. P. 26(b)(4) ("Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness ***required to provide a report under Rule 26(a)(2)(B),*** regardless of the form of the communications . . . .").  The Rule is silent as to communications between a party's attorney and non-reporting experts.  *See* Fed. R. Civ. P. 26 advisory note 2010 ("The protection is limited to communications between an expert witness

required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, including any "preliminary" expert opinions. . . . ***The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C).***" (emphasis added)).

     As numerous federal district courts have held, the current rule does not create a protection for communications between counsel and non-reporting expert witnesses. *See, e.g.*, *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp v. Nw. Pipeline GP*, 879 F. Supp. 2d 1171, 1212 (D. Or. 2012) ("GTN's expert disclosures for these witnesses—with the exception of John Roscher—indicate the witnesses may provide both expert and lay testimony, suggesting that, like the witnesses in Sierra Pacific, they possess percipient knowledge of disputed facts in this litigation. . . . Therefore, Van Egmond, Toews, Plaster, and Fox fall in the category of hybrid fact and expert witnesses whose designation as non-reporting experts serves to waive all applicable privileges and protections for items they considered that relate to the topic of their testimony."); *Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14CV03103SRNFLN, 2016 WL 6774229, at *5 (D. Minn. Nov. 15, 2016) ("As Magistrate Judge Noel noted in the October 5 Order, the waiver of privilege attached to Patton's status as a non-reporting expert extends to any documents and information he considered in connection with his proposed testimony."). Instead, the common law regarding disclosure of materials provided to an expert, as it existed prior to 2010, governs communications between a party's attorney and a non-reporting expert. *Sierra Pac. Indus.*, 2011 WL 2119078, at *7.

     In *Sierra*, the defendant moved to compel the government to produce testimony and documents relating to communications between two of the government's expert witnesses, Joshua White and Dave Reynolds. *Id.* at *1. The lawsuit concerned damages caused by the Moonlight

Fire in September 2007 and, at the time of the fire, White was an employee of the California Department of Forestry and Fire Protection and Reynolds was an employee of the United States Forest Service. *Id.* The Court carefully analyzed the 2010 amendments to Rule 26 and concluded that "the newly amended Rule 26 explicitly protects communications between a party's attorney and ***reporting experts***." *Id.* at *5 (emphasis added). As for non-reporting experts, however, the court stated, "[i]t is clear that the amended rule neither created a protection for communications between counsel and non-reporting experts witnesses, nor abrogated any existing protections for such communications." *Id.* at *7. The Court differentiated between some non-reporting experts, like employees whose duties regularly involve providing expert testimony, and "hybrid" witnesses who are expected to provide both fact and opinion testimony:

> Some of these non-reporting witnesses should not be treated differently than reporting expert witnesses. For example, there is no immediately apparent policy reason to treat an employee expert whose duties regularly involve giving expert testimony any differently than an employee expert whose duties involve only intermittently giving expert testimony.
>
> However, some non-reporting witnesses, such as treating physicians and accident investigators, should be treated differently than reporting witnesses with respect to the discoverability of their communications with counsel. See Minutes, Civil Rules Advisory Committee Meeting (April 20–21, 2009) p. 14 ("The Committee did not want to protect communications by one party's lawyer with treating physicians, accident investigators, and the like. An employee expert, moreover, may be an important fact witness."). ***These type of witnesses are hybrid fact and expert opinion witnesses. While it is desirable that any testifying expert's opinion be untainted by attorneys' opinions and theories, it is even more important that a witness who is testifying regarding his own personal knowledge of facts be unbiased.***

*Id.* at *10 (emphasis added). Thus, for "hybrid" fact and expert witnesses, disclosure is especially warranted. The *Sierra* court concluded that, given the facts of the case, counsel's communications with White and Reynolds, non-reporting expert witnesses, should not be protected from disclosure. *Id.* The court stated, "in addition to being current and former employees, White and Reynolds have percipient knowledge of the facts at issue in this litigation . . . [i]f their communications with

8

counsel were protected, any potential biases in their testimony regarding the causes of the fire would be shielded from the fact-finder." *Id.*

Applying the foregoing authorities to the instant case requires Mr. MacConnell to produce all communications between himself and counsel for the Plaintiffs, as well as all documents supplied to him by counsel for the Plaintiffs. Mr. MacConnell is a non-reporting expert witness, who was designated by Plaintiffs under Rule 26(a)(2)(C) and who did not provide Defendants with a written expert report. Mr. MacConnell will testify as both a fact and expert witness in this matter. Indeed, Mr. MacConnell is the purported CFO of Plaintiff, PNASF, and Plaintiffs have stated in their disclosure that Mr. MacConnell "will be testifying as a fact witness in this case, including but not limited to testifying on the subject of damages suffered by the Plaintiffs as a consequence of the misconduct alleged in Plaintiffs' Second Amended Complaint." MacConnell Expert Disclosure, Ex. 1 at 2. Like in *Sierra*, disclosure of materials provided to and considered by Mr. MacConnell is required and especially warranted under the circumstances. Rule 26 does not protect communications between Plaintiffs' counsel and Mr. MacConnell. Rather, the common law rule regarding waiver of privileges for material supplied to an expert witness applies.

The common law, prior to the 2010 amendments to Rule 26, was well settled that communications and documents provided to a witness designated to provide expert testimony were discoverable, and any applicable privileges were waived. *See* Fed. R. Civ. P. 26 advisory committee notes 1993 ("Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."); *In re McRae*, 295 B.R. 676, 678 (Bankr. N.D. Fla. 2003) ("As a result, I find that given the plain language of Rule 26(a)(2) and its accompanying

9

Advisory Committee Notes and prevailing case law, all communication furnished by attorneys to expert witnesses for consideration is discoverable regardless of whether a claim of attorney work product would ordinarily protect the communications from disclosure."); *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 478–79 (E.D. Pa. 2002) ("In our November 18 opinion we held that Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as amended in 1993, vitiates a claim of attorney work-product with respect to any information considered by a party's expert, whether or not relied upon by that expert."); *TV-3 Inc. v. Royal Ins. Co. of Am.*, 193 F.R.D. 490, 491 (S.D. Miss. 2000) ("Rule 26, requiring disclosure of material 'considered,' allows discovery of all communications between counsel and a retained testifying expert, **even if those communications contain the attorneys' mental impressions or trial strategy or is otherwise protected by the work product privilege**." (emphasis in original)).

Thus, Mr. MacConnell must produce all communications and documents supplied to him and which he "considered" in forming his opinions in this matter, pursuant to Defendants' Subpoena *Duces Tecum*. Documents "considered" by Mr. MacConnell includes all documents that Mr. MacConnell "generated, saw, read, reviewed, and/or reflected upon" in connection with his analysis of the dispute that gives rise to this lawsuit. *Sierra Pac. Indus.*, 2011 WL 2119078, at *11; *Synthes Spine Co., L.P. v. Walden*, 232 F.R.D. 460, 466 (E.D. Pa. 2005) (requiring production of all documents "generated, reviewed, reflected upon, read, and/or used ("considered") by plaintiffs' expert in reaching his conclusions in this litigation, including all materials that would otherwise be privileged.").

## II.     Discussion Per Local Rule 26.1(g)(2)

Below, Defendants quote each discovery request at issue, the verbatim responses given by Mr. MacConnell, and the reasons supporting Defendants' motion to compel.

### Request No. 1(d)

Your entire file(s), not otherwise privileged, for this matter, including but not limited to:

d. Copies of any notes made by you, or provided to you, upon which you may rely in formulating your opinions or conclusions in this case.

### RESPONSE:

MacConnell objects to this request on the grounds that it is overbroad, unduly burdensome, not related to the claims or defenses of either party, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "any notes" made by MacConnell or provided to him upon which he may rely in formulating his opinions or conclusions in this case. MacConnell also objects to this request on the grounds that it is vague, ambiguous and overbroad, as the term "notes" is undefined and subject to multiple interpretations. MacConnell further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, the accountant-client privilege, and the work-product doctrine. Finally, MacConnell objects to this request to the extent that it seeks documents or information beyond the scope of materials required of a witness testifying as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), and/or protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4).

**Reason why the Motion should be Granted:**

Notes made by, or provided to, Mr. MacConnell, upon which Mr. MacConnell may rely in formulating his opinions or conclusions in this action, are highly relevant to Mr. MacConnell's opinions and the bases therefor. Plaintiffs' boilerplate arguments regarding burden are unsupported and misplaced, as the discovery at issue is targeted to specific documents, which are highly relevant. Further, the word "notes" is in no way vague or ambiguous; it is used in its standard and ordinary context, meaning a record of facts, topics, or thoughts in written form. Lastly, for the reasons stated above, Mr. MacConnell's privilege arguments are meritless. There is no privilege or protection to material provided to a non-reporting expert like Mr. MacConnell. *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp*, 879 F. Supp. 2d at 1212; *Luminara Worldwide, LLC*, 2016 WL 6774229, at *5.

**Request No. 1(e)**

e. Any deposition transcripts provided to you, or parts of deposition transcripts, or any other statements or written materials, provided to you by plaintiffs' attorney or anyone on behalf of the plaintiff, or any third party, which you have examined or will examine in the formulation of your opinions and conclusions in this case.

**RESPONSE:**

MacConnell objects to this request on the grounds that it is overbroad, unduly burdensome, not related to the claims or defenses of either party, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "any" deposition transcripts and/or "any other statements or written materials." MacConnell also objects to this request on the grounds that it is vague, ambiguous and overbroad, as the terms "statements" and "written materials" are undefined and subject to multiple interpretations. MacConnell further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, the accountant-client privilege, and the work-product doctrine. Finally, MacConnell objects to this request to the extent that it seeks documents or information beyond the scope of materials required of a witness testifying as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), and/or protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4).

**Reason why the Motion should be Granted:**

For the reasons stated with respect to Request No. 1(d), Mr. MacConnell should be compelled to produce these documents. These documents are highly relevant to Mr. MacConnell's opinions in this matter and the bases therefor. There is nothing vague or overbroad about the request. Further, the materials and are not privileged or protected from disclosure. *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp*, 879 F. Supp. 2d at 1212; *Luminara Worldwide, LLC*, 2016 WL 6774229, at *5.

**Request No. 1(f)**

f. Any memoranda or written notice[4] made by you, or provided to you by the plaintiffs' attorney, or on behalf of the plaintiff by any third party, concerning the incident which is the subject matter of this litigation.

---

[4] After conferring with Plaintiffs, Defendants have agreed to withdraw their request for "written notices" in Request No. 1(f), but continue to request "memoranda."

**RESPONSE:**

MacConnell objects to this request on the grounds that it is overbroad, unduly burdensome, not related to the claims or defenses of either party, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks "any memoranda or written notice." MacConnell also objects to this request on the grounds that it is vague, ambiguous and overbroad, as the terms "memoranda," "written notice" and "concerning" are undefined and subject to multiple interpretations. MacConnell further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, the accountant-client privilege, and the work-product doctrine. Finally, MacConnell objects to this request to the extent that it seeks documents or information beyond the scope of materials required of a witness testifying as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), and/or protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4).

**Reason why the Motion should be Granted:**

For the reasons stated with respect to Request No. 1(d) and (e), Mr. MacConnell should be compelled to produce these documents. These documents are highly relevant to Mr. MacConnell's opinions in this matter and the bases therefor. There is nothing vague or overbroad about the request. Further, the materials and are not privileged or protected from disclosure. *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp*, 879 F. Supp. 2d at 1212; *Luminara Worldwide, LLC*, 2016 WL 6774229, at *5.

### Request No. 1(g)

g. Any documents prepared by you, provided to you, or obtained by you or reviewed by you, whether intended for your use or not, in connection with this case which concern the incident which is the subject matter of this lawsuit.

**RESPONSE:**

MacConnell objects to this request on the grounds that it is overbroad, unduly burdensome, not related to the claims or defenses of either party, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks "any documents prepared by you, provided to you, or obtained by you or reviewed by you." MacConnell also objects to this request on the grounds that it is vague, ambiguous and overbroad, as the terms "in connection with" and "concern" are undefined and subject to multiple interpretations. MacConnell further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, the accountant-client privilege, and the work-product doctrine. Finally, MacConnell objects to this request to the extent that it seeks documents or

information beyond the scope of materials required of a witness testifying as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), and/or protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4).

**Reason why the Motion should be Granted:**

For the reasons stated with respect to Request No. 1(d), (e), and (f), Mr. MacConnell should be compelled to produce these documents. These documents are highly relevant to Mr. MacConnell's opinions in this matter and the bases therefor. There is nothing vague or overbroad about the request. Further, the materials and are not privileged or protected from disclosure. *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp*, 879 F. Supp. 2d at 1212; *Luminara Worldwide, LLC*, 2016 WL 6774229, at *5.

### Request No. 1(h)

h. All literature and/or documents which you consider relevant to your assignment[5] in this case and which you considered in the development of your opinions or conclusions concerning the subject matter of this lawsuit.

**RESPONSE:**

MacConnell objects to this request on the grounds that it is overbroad, unduly burdensome, not related to the claims or defenses of either party, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks "all literature and/or documents." MacConnell also objects to this request on the grounds that it is vague, ambiguous and overbroad, as the term "your assignment in this case" is undefined and subject to multiple interpretations. MacConnell further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, the accountant- client privilege, and the work-product doctrine. MacConnell further objects on the grounds that any documents relied upon in developing his opinions have previously been produced to Defendants, or are in Defendants' possession. Finally, MacConnell objects to this request to the extent that it seeks documents or information beyond the scope of materials required of a witness testifying as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), and/or protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4).

---

[5] After conferring with Plaintiffs, Defendants clarified that Mr. MacConnell's "assignment" means his "assignment as a hybrid witness in this case."

14

**Reason why the Motion should be Granted:**

For the reasons stated with respect to Request No. 1(d), (e), (f), and (g), Mr. MacConnell should be compelled to produce these documents. These documents are highly relevant to Mr. MacConnell's opinions in this matter and the bases therefor. There is nothing vague or overbroad about the request. Further, the materials and are not privileged or protected from disclosure. *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp*, 879 F. Supp. 2d at 1212; *Luminara Worldwide, LLC*, 2016 WL 6774229, at *5.

### Request No. 1(k)

k. Any and all materials considered, consulted or used by you as a basis or predicate for your opinions and conclusions, including, but not limited to, published reports by any private or government agency, textbooks, articles, data or documents furnished by the party engaging your services, or government industry standards or regulations.

**RESPONSE:**

MacConnell objects to this request on the grounds that it is overbroad, unduly burdensome, not related to the claims or defenses of either party, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks "any and all materials." MacConnell further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, the accountant-client privilege, and the work-product doctrine. MacConnell further objects on the grounds that any documents relied upon in developing his opinions have previously been produced to Defendants, or are in Defendants' possession. Finally, MacConnell objects to this request to the extent that it seeks documents or information beyond the scope of materials required of a witness testifying as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C), and/or protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4).

**Reason why the Motion should be Granted:**

For the reasons stated with respect to Request No. 1(d), (e), (f), (g), and (h), Mr. MacConnell should be compelled to produce these documents. These documents are highly relevant to Mr. MacConnell's opinions in this matter and the bases therefor. There is nothing vague or overbroad about the request. Further, the materials and are not privileged or protected

from disclosure.  *Sierra Pac. Indus.*, 2011 WL 2119078, at *7; *PacifiCorp*, 879 F. Supp. 2d at 1212; *Luminara Worldwide, LLC*, 2016 WL 6774229, at *5.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that counsel for the Defendants conferred with counsel for Mr. MacConnell via telephone on August 1, 2017 in a good faith attempt to resolve this dispute without court intervention.  Counsel for Mr. MacConnell has not agreed to remedy the issues raised herein.

Respectfully submitted on August 1, 2017.

**HOLLAND & KNIGHT LLP**

/s/ Jerome W. Hoffman
Jerome W. Hoffman (FBN 0258830)
jerome.hoffman@hklaw.com
Dominic C. MacKenzie (FBN 705690)
donny.mackenzie@hklaw.com
Kevin W. Cox (FBN 34020)
kevin.cox@hklaw.com
shannon.veasey@hklaw.com
Laura B. Renstrom (FBN 108019)
laura.renstrom@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on August 1, 2017, via the Court's CM/ECF system to:

Kevin C. Kaplan, Esq.
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
Scott Hiaasen, Esq.
shiaasen@coffeyburlington.com
Carolina Z. Goncalves, Esq.
cgoncalves@coffeyburlington.com
groque@coffeyburlington.com
service@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133

*Attorneys for Plaintiffs*

/s/ Jerome W. Hoffman
Attorney